```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


ERICA BROADUS, SUBSTITUTE       :
PARTY FOR FRANKLIN D. BROADUS,  :
                                :
     Plaintiff,                 :
                                :
vs.                             :
                                :    CIVIL ACTION 15-420-M
CAROLYN W. COLVIN,              :
Social Security Commissioner,   :
                                :
     Defendant.                 :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling denying claims for disability insurance benefits (Doc. 1). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order judgment in accordance with 28 U.S.C. § 636(c), Fed.R.Civ.P. 73, and S.D.Ala. Gen.L.R. 73(b) (*see* Doc. 16). Oral argument was heard on March 28, 2016. After considering the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further actions not inconsistent with the Order of the Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and

1

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing on November 7, 2013, Franklin D. Broadus[1], was forty-one years old, had attended the eleventh grade and obtained a GED, and had previous work experience as an air conditioning and heating installer and sheet metal apprentice.  (TR. 46-49).  Broadus alleged disability due to seizure disorder, high blood pressure, carpal tunnel syndrome and fractured left kneecap. (Tr. 91).

The Plaintiff protectively applied for disability benefits on October 18, 2012, asserting a disability onset date of January 18, 2012.  (Tr. 162; Doc. 11-1, fact sheet).  An Administrative Law Judge (ALJ) denied benefits after determining that Broadus did not meet the disability listing requirements; the ALJ further found that Plaintiff was capable of performing less than the full range of sedentary work. (Tr. 31-39).

---

[1] Franklin Broadus died on February 27, 2015.  (Tr. 10).  His surviving spouse, Erica Broadus, was thereafter designated as a substitute party and filed the Complaint in this action. (Tr. 9).

Plaintiff requested review of the hearing decision but the Appeals Council denied it. (Tr. 1-7, 24-27).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Broadus alleges that: (1) The ALJ erred in failing to find that Broadus' seizure impairment meets or equals listing 11.02 and/or 11.03; and (2) the ALJ failed to fully develop the record. (Doc. 11). Defendant has responded to—and denies—these claims (Doc. 14). The relevant evidence of record follows.

On August 17, 2009, Broadus was seen at Providence Hospital for neck, back, and shoulder pain following a motor vehicle crash. (Tr. 245-50). The relevant x-rays taken were negative and Plaintiff was discharged with medication. (Tr. 253-257).

On January 29, 2010, Plaintiff was seen by Dr. Oztas for complaints of seizures. (Tr. 259). It was noted that Plaintiff had an eight to nine year history of seizures, although he had not experienced a seizure in approximately two years. (Id). Plaintiff indicated that he had at one time taken Dilantin[2], which was not helpful, but he had otherwise gone untreated for many years. (Id). Dr. Oztas described Plaintiff's seizures (according to his wife who also testified at the hearing) as "him screaming and yelling and then his head turns to the left

---

[2] Dilantin is an anti-epileptic drug, also called an anticonvulsant. http://www.drugs.com/dilantin.html

3

with a tonic episode that lasts 20-30 seconds followed by a tonic-clonic episode, postical confusion, and agitation." (Id). It was also noted that Plaintiff experienced tongue-biting and urinary incontinence associated with his seizures. (Tr. 259). Plaintiff additionally indicated he suffered from myalgias following a seizure that would last a one to two weeks. Among other things, Plaintiff was diagnosed with complex partial seizures with secondary generalization, prescribed Depakote[3] 500mg, and instructed to follow up in one month. (Tr. 260).

On November 22, 2010, Plaintiff followed up with Dr. Oztas. (Tr. 265). It was noted that the Depakote "worked very well" but that Plaintiff "is non-compliant and did not take the medication like he was supposed to" which resulted in breakthrough seizures as expected. (Id). Plaintiff additionally complained of aching all over as a result of the seizures. (Id). Plaintiff was again prescribed Depakote and instructed to follow up in three months. (Id).

Plaintiff returned to Dr. Oztas on February 9, 2012, after being off of his medication for "a long time" following the loss of his insurance. (Tr. 266). Plaintiff complained of numerous seizures, biting his tongue, and being sore all over. (Id). It was noted that when Plaintiff was taking Depakote it was

---

[3] *Depakote* is used for the treatment of seizures. *Physician's Desk Reference* 428-34 (52nd ed. 1998).

4

"wonderful".  (Id.)  Plaintiff was diagnosed with complex partial seizure disorder without intractable epilepsy, chronic daily headache, and irritable behavior.  (Tr. 267).  Plaintiff was again prescribed Depakote, as well as Lortab[4] for soreness, and Flexeril[5] for muscle spasms and instructed to follow up in one year.  (Id).

On October 10, 2012, Plaintiff visited the Mobile County Health Department complaining of having seizures more frequently.  (Tr. 273).  Plaintiff's wife reported that Plaintiff was staring in the distance (focal symptoms) at least once a day with occasional shaking.  It was noted that Plaintiff was compliant with his medication, which included Tramadol[6], Flexeril, Ibuprofen, and Depakote.  (Id).  Plaintiff was given Lisinopril[7] and a refill of Tramadol, but was discontinued on Flexeril and Ibuprofen.  (Tr. 276).

In January, 2013, Plaintiff injured his knee while working. From March to May of 2012, Plaintiff was seen by Dr. Allen for treatment of his knee injury and from February 8, 2012, until

---

[4] *Lortab* is a semisynthetic narcotic analgesic used for "the relief of moderate to moderately severe pain."  *Physician's Desk Reference* 2926-27 (52nd ed. 1998).
[5] Flexeril is used along with "rest and physical therapy for relief of muscle spasm associated with acute, painful musculoskeletal conditions."  *Physician's Desk Reference* 1455-57 (48th ed. 1994).
[6] *Tramadol* "is indicated for the management of moderate to moderately severe chronic pain in adults who require around-the-clock treatment of their pain for an extended period of time." *Physician's Desk Reference* 2520 (66th ed. 2012).
[7] Lisinopril is used for the treatment of hypertension.  *Physician's Desk Reference* 1974 (66th ed. 2012).

5

March 5, 2012, Plaintiff underwent physical therapy for his knee injury. (Tr. 305, 320-331).

From October, 2012, until January, 2013, Plaintiff visited Dr. Allen five times for continued care of his left knee. (Tr. 307-319). During that time, Plaintiff additionally received cortisone injections in his knee. (Id).

On January 3, 2013, Plaintiff underwent a Functional Capacity Evaluation (FCE), by Beverly Wilkins (Physical Therapist) and Elana McDuffie (Exercise Physiologist) for his knee injury. (Tr. 291-295). It was determined that Plaintiff could perform a range of medium work. (Id).

On September 17, 2013, Plaintiff returned to Dr. Oztas complaining of increased seizures (2-3 times per week) while taking generic Depakote. Plaintiff described his seizures and his post seizure behavior to Dr. Oztas as "he walks around the house without any purpose" and "jumps out of windows", but "he has no recollection of this."[8] (Tr. 366). It was conveyed that Plaintiff had been involved in a wreck and he was instructed not to drive. (Id). Plaintiff additionally indicated that he was severely fatigued, having muscle aches and pains, memory problems, and confusion as a result of his seizures. (Id). Dr. Oztas diagnosed Plaintiff with complex partial seizure disorder

---

[8] Plaintiff's wife also testified at the hearing that she witnessed Plaintiff attempt to jump out of windows during seizures and that on one occasion Plaintiff did, in fact, jump out. (Tr. 78-80).

6

without intractable epilepsy, chronic daily headache, and irritable behavior and prescribed brand named Depakote (not its generic form). (Tr. 367). Plaintiff was given one month of Depakote samples and instructed to return in several months. (Id.) This concludes the Court's summary of the evidence.

In bringing this action, Broadus claims that the ALJ erred in finding that Plaintiff's seizure did not meet the listing of 11.02 and/or 11.03. (Doc. 11). Plaintiff additionally argues that the ALJ failed to properly develop the record. (Id).

In her opinion, the ALJ determined that Plaintiff suffered severe impairments of seizure disorder, headaches, and left knee pain status post dislocation and fracture of the patella. (Tr. 33). The ALJ then determined that "the medical evidence of record does not document abnormalities necessary to meet the criteria of any listings, including […] listing 11.02 governing convulsive epilepsy, and listing 11.03 governing nonconvulsive epilepsy." (Tr. 34). This conclusion of the ALJ is troubling because it does not state on what specific medical evidence, or the lack thereof, in the record she relied in reaching her conclusion that Plaintiff did not meet either listing requirement. Further, based on the conclusory nature of the ALJ's finding, it cannot be determined whether in reaching her conclusion, the ALJ properly considered and/or discredited the relevant portions of the record, i.e., the medical records

presented by Plaintiff, the seizure journal kept by Plaintiff's wife, the pharmacy records, or the testimony of Plaintiff's wife.  Instead, the ALJ stated "I cannot find the allegations to be fully credible.  The claimant has a history of being able to work despite his seizure disorder." (Tr. 36).  The ALJ further stated "[Plaintiff's] wife kept a record of his seizures between January and November 2013, and the great majority of those seizures occurred during normal sleeping hours." (Id).  This Court cannot discern, and will not speculate, as to whether these issues, or some other issues were the bases for her conclusion that neither listing requirement had been met.  Further, because these statements do not, on their face, negate any requirement of the listing, they offer no clarification as to the bases of the ALJ's decision.  As a result, this Court cannot conclude that the ALJ's opinion was based on substantial evidence.  *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.)  The Court does not indicate by its decision today that the ALJ's conclusions are wrong.  They may be correct, but until the ALJ explains her reasoning, the Court cannot conduct a proper judicial review and must reach the decision that the conclusions are not supported by substantial evidence.[9]

---

[9] Because this Court cannot find that the ALJ's opinion was based on

Based on review of the entire record, the Court **FINDS** that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that this action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion.  Judgment will be entered by separate Order.

DONE this 30th day of March, 2016.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE

---

substantial evidence, it will not address the second issue raised by Plaintiff.